JESSE PEARCE and LAVINA SHARP, plaintiffs in error *v.* ALEXANDER SWAN, defendant in error.

*Error to Gallatin.*

The statute does not require the claimant of property taken on execution, to state on whose execution the levy had been made, in the notice he serves. Notice to the officer that he claims the goods levied on, intends to prosecute his claim, and forbids the sale, is sufficient.

Surplusage cannot vitiate a notice.

Objections in the nature of a plea in abatement, must be made in the first instance. It is too late to make them on appeal. An appeal from the decision of a jury, upon the trial of the right to property levied on execution, must be taken at the trial, and the appeal bond executed before the court is dissolved. An appeal bond filed the day after the trial, is not sufficient.

(1) R. L. 499; Gale's Stat. 420.

Pearce *et al. v.* Swan.

When the process by which a court obtains jurisdiction of a cause is irregular, if no objection is made, the irregularity is waived.

If an appeal be irregularly taken to the Circuit Court, from the verdict of a jury on the trial of the right of property before a justice, and the appellee appear in the Circuit Court, he waives all objections to the irregularity of the appeal.

THIS cause was heard in the Court below, at the April term, 1835, before the Hon. Alexander F. Grant.

JESSE J. ROBINSON, for the plaintiffs in error, cited Acts of 1835, 56; R. L. 538–9;(1) Breese 3, 32, 142.

H. EDDY, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

The facts of this case are, that an execution was issued by a justice of the peace to a constable in favor of Pearce and Sharp, the plaintiffs in error, against the goods and chattels of Lewis, Prickett, and McMurtry, and was levied on sundry articles of personal property. Subsequent to the levy, Swan served a written notice on the constable, that the property levied on in favor of John Pearce, Jesse Pearce, and Lavina Pearce executors of Wm. Sharp, deceased, was the property of said Swan, and forbade the sale. Upon the receipt of this notice, the justice who issued the execution, issued a precept to summon a jury to try the right of property between Swan, the claimant, and Jesse Pearce and Lavina Sharp, the plaintiffs in the execution. The cause was tried before the justice, constable, and jury, on the 13th day of May, 1834. Swan appeared before the court and jury, as claimant of the property, and Jesse Pearce and Lavina Sharp as plaintiffs in the execution. On the trial, the jury found a verdict against the claim of Swan, who thereupon appealed to the Circuit Court of Gallatin county, and executed the appeal bond on the 14th day of May, 1834. At the September term of the Gallatin Circuit Court, the appeal was continued. At the April term, 1835, the parties appeared, and the cause was tried by a jury, who returned a verdict that the property belonged to Alexander Swan; and thereupon the Circuit Court rendered judgment, " That the property be retained by the said Swan, and that he recover his costs against the said defendants."

To reverse the judgment of the Circuit Court, a writ of error has been brought to this Court. The errors relied on are, 1st. That the notice given by Swan to the constable alleges that the property claimed by him, had been levied on by an execution in favor of John Pearce, Jesse Pearce, and Lavina Pearce, instead of an execution in favor of Jesse Pearce and Lavina Sharp;—2d. Because the appeal bond was not executed on the day the trial was had before the justice of the peace, constable and jury;—3d. Because it is uncertain against whom the judgment is given.

(1) Gale's Stat. 587–8.

These errors will be noticed in their order. The Court are of opinion, that the " *Act prescribing the mode of trying the Right of property,*"(1) passed 29th July, 1827, does not require the claimant, in the notice he serves on the constable, to state on whose execution the levy had been made. It is sufficient to notify the constable that he claims the goods levied on, forbids the sale, and intends to prosecute his claim. Any thing more was surplusage, and could not vitiate the notice, particularly as no objection was made to the notice before the justice and constable.

Had Pearce and Sharp objected that the notice was insufficient to compel them to litigate the right to levy on the goods, the only effect of such an objection would have been a dismissal of the proceedings, and then the claimant could have given a new notice. This objection is in the nature of a plea in abatement, and according to the case of Conley *v.* Good,(2) ought to have been made before the justice and constable. No objection having been raised either before the justice and constable, or in the Circuit Court, it is now too late and consequently cannot be assigned for error.

The second assignment of error presents some difficulty. By an examination of the appeal bond contained in the record, it appears that the trial before the justice, constable, and jury, was had on the 13th day of April, and the appeal bond was executed on the 14th; but it is not clearly stated whether the verdict of the jury was delivered on the 13th or 14th. If it is conceded, and it is probably a fair inference, that the verdict was rendered on the 13th, the two questions are presented for consideration : 1st. Does the statute require an appeal to be taken on the day of delivering the verdict ? And if it does, then does not the appearance of Pearce and Sharp, in the Circuit Court, without objection, waive the irregularity ?

The appeal to the Circuit Court, is given by the 5th section of the act, and although no time is mentioned within which the appeal may be taken, yet no doubt can exist that it should be taken before the court is dissolved, and the parties have dispersed,(3) for the following reasons. An appeal is a continuation of the former suit, and suspends all proceedings in the Court below. Unless it is taken during the sitting of the Court, the opposite party will have no means of knowing of its existence, as the statute makes no provision to give notice of the pendency of the appeal. The object of taking the appeal is defeated, if the appeal is not taken immediately ; for as soon as the verdict of the jury is delivered, if the decision is in favor of the right of the execution

(1) R. L. 537 ; Gale's Stat. 586.          (2) Breese 96.
(3) The Act of Jan. 30th, 1835, provides that "All appeals from the judgments on the trial of the right of property, shall be demanded on the day of such trial, and the bond entered into before the Clerk of the Circuit Court within five days from such trial."—Acts of 1835, 56 ; Gale's Stat. 588.

creditor, the officer may proceed to sell the goods; or, if the verdict is for the claimant, the property is delivered over to him. In either event, the prosecution of an appeal would be entirely useless. And lastly, when the justice, constable, and jury have separated, and the parties gone from the place of trial, the court is *functus officio*, and can do no act for the continuing the suit in existence. The functions of the court having ceased to exist, the appeal was irregularly allowed on the day subsequent to the trial.

Having arrived at the result that the appeal was irregularly taken, it becomes a question whether the plaintiffs in error, by appearing in the Circuit Court, without objection, have not waived the irregularity of the appeal, and are to be considered as appearing by consent. The statute clearly gives the Circuit Court power to re-try the right of property in the same manner as it may be done before the justice and constable. Taking the appeal, executing the bond, and delivering the papers to the clerk of the Circuit Court, are the means provided by law, by which the cause is transferred from the justice and constable to the Circuit Court. These means are in the nature of process to remove the cause from the inferior to the superior court. When the process by which a court obtains jurisdiction of a cause, is irregular, if no objection is made, the irregularity is waived. The irregularity is not like the case of a defect of jurisdiction over the subject matter, for the statute gives jurisdiction to the justice and constable in the first instance, and to the Circuit Court by appeal. Nor is it like the case where jurisdiction is given to an inferior court, which must proceed in the manner pointed out by the statute, or its proceedings will be *coram non judice* and void, because as we have seen, the justice and constable had rightfully exercised jurisdiction over the cause, and the Circuit Court being a court of general jurisdiction, may obtain jurisdiction over the cause either in the mode pointed out by the statute, by consent of the parties, or by the presumed consent of the parties where irregular process is not objected to.(1) We are therefore of opinion that the plaintiffs in error, by appearing in the Circuit Court, have waived all objections to the irregularity of the appeal.

The last error relied on, as to the form of the judgment for costs, is entirely without foundation. The judgment is rendered perfectly clear when taken in connection with the verdict. The verdict finds the property to belong to Swan, and the judgment is that Swan retain the property, and that he recover his costs against the said defendants. The said defendants can mean only Pearce and Sharp, as the costs are expressly given to Swan.

The judgment, therefore, of the Circuit Court, is affirmed with costs.

*Judgment affirmed.*

(1) Easton *et al. v.* Altum, *Ante* 250.